UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| P.K. ROY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 12-cv-2657 |
| § | |
| JPMORGAN CHASE BANK, N.A. A/K/A § | |
| CHASE BANK, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss. (Doc. No. 4.) A hearing on this matter was held before this Court on January 3, 2013. After considering the motion, all responses thereto, and the applicable law, the Court finds that Defendant's Motion to Dismiss must be **GRANTED**.

### I. BACKGROUND

In October 2010, Plaintiff filed his Original Petition and Application for Temporary Restraining Order and Injunction in state court ("Original Complaint"). Plaintiff did not serve the Original Complaint on Defendant so the state issued a Notice of Intent to Dismiss for want of prosecution. Plaintiff filed a Motion to Retain Cause on Docket, which the state court granted. In August 2012, Plaintiff filed his "1st Amended Plaintiff's Original Petition." (Doc. No. 1, Ex. 9, *hereinafter* "First Amended Complaint.")

1

Plaintiff alleges that he acquired title to property, located at 12607 Copper Mill Dr., Houston, Texas 77070, at a 2006 foreclosure sale of a homeowner association's lien (the "Property"). (*Id.* at ¶ 9.) Plaintiff attempted to identify any other mortgage liens on the Property and inquired of Defendant about whether it had a lien. Defendant sent a letter to Plaintiff in 2010 that stated "there is no CHASE BANK lien on the property listed at 12607 Copper Mill Dr., Houston, Texas 77077." (*Id.*) It appears that Plaintiff was unsuccessful in identifying a lien against the Property. However, on October 2010, the Property was posted for foreclosure sale. (*Id.*) Plaintiff believes that Defendant became the owner of the property via the ensuing foreclosure sale. (*Id.*)

Plaintiff then filed suit in state court alleging claims of fraud and violations of the Texas Deceptive Trade Practices Act ("DTPA"). The case was removed in September 2012. Defendant then filed this Motion to Dismiss.

## II.     LEGAL STANDARD

### A. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Rule 9(b) Fraud

Plaintiff's DTPA and negligent misrepresentation claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). In *Flowserve Corp. v. Hallmark Pump Co.*, the court noted that claims alleging violation of the DTPA are subject to the requirements of Rule 9(b). No. 09-cv-0675, 2010 WL 2232285, at *6 (S.D. Tex. Feb. 3, 2010) (citing *Krames v. Bohannon Holman, LLC*, 2009 WL 762205, at *10 (N.D. Tex. March 24, 2009). The Fifth Circuit has also stated that Rule 9(b) applies to negligent misrepresentation claims if that claim and a DTPA claim are based on the same set of alleged misconduct. *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 723 (5th Cir. 2003).

Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir.2004). Essentially, the standard requires the complaint to allege answers to "newspaper questions" ("who, what, when, where, and how") of the alleged fraud. *Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994).

### III.   ANALYSIS

### A. Fraud Claim

In Texas, common law fraud has six elements: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the

speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Fraud claims must also satisfy heightened pleading standards. Fed. R. Civ. P. 9(b). Pleading fraud with particularity in the Fifth Circuit requires "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (*citing Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).

Defendant argues that there is no misrepresentation because Defendant's letter stated that "there is no Chase lien on the property listed at 12607 Copper Mill Dr., Houston, Texas 77077" (emphasis added) but the Property at issue is located at 12607 Copper Mill Dr., Houston, Texas 77070" (emphasis added). Defendant claims that it made representations about a property located at zip code 77077 but the Property at issue is located at 77070. Defendant claims these are two different properties so it could not have made misrepresentations to Plaintiff. The Court believes that the inconsistency in the zip code is a typographical error rather than two different properties. The error could be easily amended. However, the typographical error is not enough to save Plaintiff's claim. Plaintiff has recited only the elements of a fraud claim, and has not specifically alleged any facts of reliance, inducement, or injury. The Court must grant Defendant's motion to dismiss Plaintiff's fraud claim. Plaintiff may amend this claim with more particularity.

### B. DTPA

Under the DTPA, only a consumer may seek relief. A consumer is defined as one "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code §§ 17.45(4). *See also Sherman Simon Enterprises, Inc. v. Lorac Service Corp.*, 724 S.W.2d 13 (Tex. 1987) (recognizing the two requirements to qualify as a consumer under the DTPA as (1) seeking or acquiring by purchase or lease (2) any goods or services). A consumer must, in order to prevail on a DTPA claim, also establish that each defendant violated a specific provision of the Act, and that the violation was a producing cause of the claimant's injury. TEX. BUS. & COM. CODE § 17.50(a); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

Plaintiff claims he purchased the Property at a foreclosure sale from a homeowner's association. He does not allege that he purchased the house from Defendant. Therefore Plaintiff is not a consumer for purposes of bringing a DTPA claim against Defendant. The Court must grant Defendant's motion to dismiss Plaintiff's DTPA claim, but Plaintiff may amend his claim.

### C. Wrongful Foreclosure

Defendant argues that Plaintiff's wrongful foreclosure claim has not been properly pled, and should therefore be dismissed. However, Plaintiff has not pled a wrongful foreclosure claim in his First Amended Complaint so the Court need not address this claim.

### IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff is granted leave to file a Second Amended Complaint, consistent with this Memorandum and Order, by January 24, 2013.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 14th day of January, 2013.

_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE